Complier

**IN THE SUPERIOR COURT OF GUAM**

THE PEOPLE OF GUAM,               )
                                  )   **CRIMINAL CASE NO. CM0340-12**
        vs.                       )
                                  )   **DECISION AND ORDER**
CHANTEL MARIE TINGZON,            )
                                  )
        Defendant.                )
                                  )

## INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to dismiss, filed November 13, 2012. Oral arguments were heard on December 10, 2012. Assistant Attorney General James C. Collins, Esq. appeared on behalf of the Government and Assistant Public Defender Suresh Sampath, Esq. represented the Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

## BACKGROUND

On April 5, 2012, the Government filed a complaint to charge Defendant with driving under the influence of alcohol as a misdemeanor and imprudent driving as a petty misdemeanor. On April 12, 2012, the Court entered a summons for Defendant to appear on May 9, 2012.[1] Defendant failed to appear on May 9, 2012 and the Court entered a second summons for Defendant to appear on June 6, 2012, or sixty-two (62) days after the complaint was filed.[2] Defendant appeared on June 6, 2012 and was subsequently arraigned with appointed counsel on June 13, 2012.

On November 13, 2012, Defendant moved to dismiss this case as a subsequent filing of charges that were previously dismissed without prejudice for the failure to timely arraign

---

[1] The record contains no affidavit that this first summons was served or not served upon Defendant.
[2] The record contains no affidavit that this second summons was served or not served upon Defendant.

pursuant to *People v. Rasauo*, 2011 Guam 14. Defendant argues this case should be dismissed with prejudice because the first case should have been dismissed with prejudice. However, Defendant does not address her untimely arraignment in the present case, and the Court is compelled to address this issue pursuant to *Rasauo*, 2011 Guam 14.

## DISCUSSION

Under Guam law, "unless good cause is shown, a complaint shall be dismissed where a defendant is not promptly arraigned within 60 days of the filing of the complaint." *Rasauo*, 2011 Guam 14 ¶ 16. This rule applies, "the statutory speedy trial time period delineated in 8 GCA § 80.60(a)(3)," to the prompt arraignment requirement delineated in 8 GCA § 60.10(a). *Id.* Good cause to delay a prompt arraignment is determined by the specific circumstances of each case. *Id.* at ¶ 14.

**1. Good Cause to Delay Prompt Arraignment**

Guam law does not describe the specific circumstances that constitute good cause to delay a prompt arraignment. In *People v. Stephen*, 2009 Guam 8 ¶ 32, the Supreme Court explained that, "the prompt arraignment requirement of 8 GCA § 60.10(a) is a statutory expression of the speedy trial right," and a speedy trial may be delayed by the following good causes: 1) conduct of the defendant; 2) delay that benefits the defendant; 3) unforeseen circumstances; and 4) prompt disposition of pretrial motions. *See e.g. People v. Flores*, 2009 Guam 22 ¶ 40; *Carver v. Superior Court*, 1998 Guam 23 ¶ 11; *Quinata v. Superior Court*, 2010 Guam 8 ¶ 36.

In this case, the Defendant was arraigned on June 13, 2012 and more than 60 days after the complaint was filed on April 5, 2012. An initial delay was caused by the Court's calendar of the first appearance sixty-two (62) days after the complaint was filed because there was no proof Defendant was served with a summons to appear. The Government contends that this delay is excusable for good cause because it is not attributable to prosecutorial delay. The Court does not agree. Pursuant to *Rasauo*, 2011 Guam 14 ¶ 12, courts, judicial officers and prosecuting attorneys all share the duty and the constitutional guarantee to promptly dispose

criminal charges. *Id.* (*citing Strunk v. U.S.*, 412 U.S. 434, 439, n. 2 (1973) and 8 GCA § 80.50(a)).[3] For this reason, the untimely arraignment is not excused by 62 days of judicial delay and the complaint shall be dismissed pursuant to *Rasauo*, 2011 Guam 14.[4]

**2. Dismissal With or Without Prejudice**

Guam law does not specify whether dismissal with prejudice or dismissal without prejudice is the appropriate remedy for a violation of 8 GCA § 60.10(a) and *Rasauo*, 2011 Guam 14. The prompt arraignment requirement is an expression of the speedy trial right. *Stephen*, 2009 Guam 8 ¶ 32. Absent clear guidance to dismiss an untimely arraignment with or without prejudice, the Court shall consider the established speedy trial analysis in order to more consistently weigh the circumstances of an untimely arraignment. *See Id.* at ¶ 21 (an established rule or forewarning may be required to dismiss with prejudice).

Under Guam law, the Court must consider the following relevant factors to determine whether a delay violates the Sixth Amendment right to a speedy trial: 1) the length of the delay; 2) the reason for the delay; and 3) the presence or absence of prejudice resulting from the delay. *People v. Flores*, 2009 Guam 22 ¶¶ 41-42 (*citing Barker v. Wingo*, 407 U.S. 514, 521 (1972)). When federal time limits to begin trial are violated, the following factors determine whether to dismiss the prosecution with or without prejudice: 1) the seriousness of the offense; 2) the facts and circumstances that led to dismissal; 3) the impact of reprosecution on the administration of federal time limits and the administration of justice; and 4) the prejudice suffered by the defendant from the delay. *See Perez*, 2011 WL 2294194, at *3 (*citing* 18 U.S.C. § 3162(a)(2); *U.S. v. Taylor*, 487 U.S. 326, 336-337, 108 S.Ct. 2413, 101 L.Ed.2d 297 (1998); and *U.S. v. Lewis*, 518 F.3d 1171, 1176 (9th Cir. 2010)).

In this case, Defendant was arraigned on June 13, 2012 and sixty-nine (69) days after the complaint was filed on April 5, 2012. The length of this delay may give rise to a presumption

---

[3] *People v. Julian*, 2012 Guam 26, ¶ 22, entered after argument on Defendant's motion, provides further instruction. "For purposes of prompt arraignment under section 60.10(a) and *Rasauo II* delay, we attribute the court's delay to the People." *Id.* at ¶ 35.

[4] Subsequent delays were caused by an inability to serve the Defendant with a summons or bench warrant, but this additional delay is immaterial to the Court's analysis as the 63-day delay is not excusable for good cause.

of prejudice. *Flores*, 2009 Guam 22 ¶ 49. The delay was caused, in part, by judicial calendaring and the responsibility for this delay weighs against the Government. *Id.* at ¶¶ 45-46. Another possible cause for the delay may have been an inability to locate and serve Defendant, but the entire record is devoid of the information necessary to determine whether this delay was deliberate, negligent or justified, and the responsibility for the delay does not weigh in favor of either party. *Id.* Most importantly, the complaint caused no oppressive pretrial incarceration, anxiety or concern before Defendant appeared on June 6, 2012, and there is no allegation of actual prejudice in this matter. *Id.* at ¶¶ 49-56. These circumstances weigh against a constitutional violation and against the Defendant's request for dismissal with prejudice.

Furthermore, a dismissal without prejudice is warranted in light of the relatively less serious offenses of a misdemeanor and a petty misdemeanor, the aforementioned slight impact of the delay, the absence of clear Government neglect, and the aforementioned absence of prejudice suffered by Defendant. *See Perez*, 2011 WL 2294194, at *3-8. For all of these reasons, the complaint shall be dismissed without prejudice.

///

///

///

**CONCLUSION**

Based upon the foregoing, the Defendant's motion to dismiss is hereby GRANTED and the complaint is dismissed without prejudice for the failure to promptly arraign Defendant pursuant to 8 GCA § 60.10(a) and *People v. Rasauo*, 2011 Guam 14.

**SO ORDERED this** 21ST **day of February, 2013.**

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

Page 4 of 4